UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| CASSIE McKENZIE, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos: | 3:07-cr-051 |
| | ) | | 3:08-cv-230 |
| | ) | | (PHILLIPS/SHIRLEY) |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## MEMORANDUM

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 [Court File No. 373] filed by petitioner Cassie McKenzie ("petitioner"). There are also pending petitioner's motion to re-open the case [Court File No. 342], motion to dismiss the case [Court File No. 343], motion for judgment on the pleadings [Court File No. 384], motion to return property [Court File No. 576], motion for additional relief [Court File No. 605], motion for default judgment [Court File No. 615], and motion to amend the § 2255 motion [Court File No. 631]. For the following reasons, the pending motions will be **DENIED** and this action will be **DISMISSED**.

I.      Standard of Review

This court must vacate and set aside petitioner's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, petitioner "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that petitioner is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II.     Factual Background

Petitioner pleaded guilty to count one of the indictment, which charged her with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A) and 846. [Criminal Action No. 3:07-cr-51, Court File No. 103, Plea Agreement (Under Seal)]. At the time of her plea, petitioner was represented by Jonathan S. Wood. Two weeks after entry of

the plea, petitioner and Mr. Wood filed a joint motion to allow Mr. Wood to withdraw as attorney of record; in support of the motion, petitioner and Mr. Wood referred to the petitioner's letter to the magistrate judge that raised the issue of whether she would attempt to withdraw her guilty plea, which caused a conflict of interest between counsel and client. [Court File No. 122, Motion to Withdraw]. The court granted the motion to withdraw and appointed Stephen Johnson to represent petitioner. [Court File No. 142, Order].

Petitioner subsequently submitted a letter to the court, which the Clerk's Office filed as a motion to suppress evidence and to withdraw her guilty plea. [Court File No. 179]. After a hearing on the motion, including testimony from Mr. Johnson as well as petitioner, the magistrate judge concluded that petitioner did not intend her letter to rise to the level of a *pro se* motion, but rather was intended only as a status letter to the court, and that she was not seeking to withdraw her guilty plea or suppress her statements. [Court File No. 191, Memorandum and Order].

Some five months later, petitioner's sentencing hearing was held. Because she had pleaded guilty to a conspiracy involving five kilograms or more of cocaine, petitioner was subject to a minimum mandatory sentence of ten years. Nevertheless, pursuant to a sentencing agreement with the government [Court File No. 247, Sentencing Agreement], she was sentenced to a term of imprisonment of 87 months under the provisions of the safety valve, 18 U.S.C. § 3553(f). [Court File No. 249, Judgment].

Less than five months after sentencing, petitioner filed on the same day both a *pro se* motion to reopen the case based upon misrepresentation of counsel and a *pro se* motion to

3

dismiss the case based upon entrapment. Approximately two months later petitioner filed her § 2255 motion, which she noted should be filed with the motions alleging entrapment and misrepresentation of counsel. A motion for judgment on the pleadings was filed some five weeks later.

III. Discussion

Petitioner claims, in her motion to re-open the case, that prior to sentencing she complained to counsel of unfair treatment by him and the government, and told counsel that she was not satisfied with the decision to continue with the plea agreement and wanted to appeal the guilty plea. According to petitioner, counsel advised her to accept the plea deal because she would be exposed to a much greater risk if she appealed the guilty plea. She also claims that she told counsel the charges against her were unjust and that she did not understand there would be no trial if she pleaded guilty. [Court File No. 342, Motion to Re-open the Case].

Petitioner alleges, in her motion to dismiss the case, that she was induced by the government into incriminating herself in her debriefing by the government and that without her statements the case against her would have been insufficient. She also claims entrapment because she was induced into committing the crime and that her attorney misrepresented the proceedings against her. [Court File No. 343, Motion to Dismiss].

In her § 2255 motion, petitioner reiterates her claims of entrapment and misrepresentation of counsel and further alleges that the evidence against her was obtained by a coerced confession. [Court File No. 373, Motion under Title 28 U.S.C. § 2255].

Petitioner reiterates, in her motion for judgment on the pleadings, that the evidence against her was obtained through coercion and inducement by both the prosecution and defense counsel. She also claims that her plea was illegal because it was coerced and because she did not agree to any plea agreement. [Court File No. 384, Motion for Judgment on the Pleadings].

The Plea Agreement, which was signed by petitioner, set forth the facts underlying her guilty plea as follows:

> In late 2006, the defendant became a member of an organization whose purpose was to reap profits from distributing several different types of drugs in the Knoxville area. The group was organized by and directed by codefendant Johnnie Martin, and the drugs which the organization sold over the course of the conspiracy included cocaine, cocaine base or crack, marijuana and Ecstacy. Codefendant Martin had sources of supply of these drugs in other areas from whom he could procure large quantities of cocaine, marijuana and Ecstacy.
>
> In terms of quantity and street value, cocaine was the drug of those sold by this organization which generated the most income. Over the course of the conspiracy, codefendant Tavares Smith would travel from Knoxville to Atlanta and back as needed to procure kilogram or multiple kilogram quantities of cocaine at a time to be sold in the Knoxville area. Smith would, on most occasions, be driven to Atlanta to deliver large amounts of cash to the cocaine supplier in exchange for kilogram quantities of cocaine. The persons who most often drove Smith to Atlanta were codefendant LaShonda Hall and the defendant. The supplier in Atlanta was an individual referred to as "Shorty," whose real name is Michael Briddy, Jr.

> The parties agree and stipulate that, for sentencing guideline calculation purposes, the defendant will be held accountable for between 15 and 50 kilograms of cocaine resulting in a base offense level of 34. The parties also agree and stipulate that the defendant will not receive either an upward or downward adjustment for role in the offense pursuant to U.S.S.G. §§ 3B1.1 and 3B1.2

[Court File No. 103, Plea Agreement (Under Seal), pp. 2-3, ¶ 4(a) - (c)].

Petitioner acknowledged the rights she was giving up by pleading guilty. [*Id*. at 3, ¶ 5]. She also agreed that she would not file a direct appeal and she waived the right to file a motion pursuant to 28 U.S.C. § 2255 for any reason other than claims of ineffective assistance of counsel or prosecutorial misconduct. [*Id*. at 7, ¶ 14 (a)-(b)]. As part of her plea agreement, petitioner agreed "to cooperate completely and truthfully with any and all law enforcement agents and the United States Attorney's Office's personnel. This cooperation includes, but is not limited to, meeting with and being interviewed by such law enforcement agents of United States Attorney's personnel whenever requested." [*Id*. at 3-4, ¶ 6 ].

In accepting petitioner's guilty plea, the court fully complied with the plea colloquy procedure as mandated by Rule 11 of the Federal Rules of Criminal Procedure. [Court File No. 194, Transcript of Change of Plea]. The court first determined that petitioner was 25 years old with some college education and no difficulty reading or writing. [*Id*. at 3]. The court next determined that petitioner understood the nature of the charge against her and the elements of the offense charged that the government was required to prove beyond a reasonable doubt. [*Id*. at 4-5]. The court then advised petitioner of the rights she was giving up by pleading guilty. [*Id*. at 5-7]. Petitioner was specifically asked whether any person,

including an officer or agent of the government, had pressured her, either physically or mentally, to plea guilty, and whether any officer or agent of the government had promised her a lighter sentence if she pleaded guilty; she answered "No, Your Honor" to both questions. [*Id*. at 7].

At the court's request, the government stated on the record the elements of the offense, the factual basis for petitioner's plea, and the minimum and maximum penalties that petitioner was facing. [*Id*. at 7-9]. Upon questioning by the court, petitioner agreed with the government's summary of the facts, acknowledged her understanding of what she was pleading guilty to, and stated that she was pleading guilty because she was in fact guilty. [*Id*. at 10-11].

The court determined that petitioner understood her sentence would be determined by the court after referring to the applicable sentencing guidelines and other relevant information, and that petitioner would not be permitted to withdraw her guilty plea based on the sentence she received. [*Id*. at 13]. The court then accepted the guilty plea.

> The Court has observed the appearance of this defendant and her responsiveness to the questions asked. Based upon these observations and her answers to the questions, the Court finds that the defendant is fully competent and capable of entering an informed plea and her plea of guilty to violating 21 United States Code § 846, 841(a)(1) and 841(b)(1)(A) shall be accepted by the Court.
>
> The defendant is in full possession of her faculties and is competent to plead guilty. The defendant is not under the influence of any narcotic, drugs or alcohol. The defendant has knowingly waived her constitutional rights to trial and the other rights accorded to individuals accused of crime. The defendant understands the nature of the charge to which the plea has been entered and the maximum and minimum penalties provided by law for the

7

charged offense. The defendant has offered to plead guilty knowingly and voluntarily. She understands the plea agreement made on her behalf in this case. Accordingly, the plea of guilty will be accepted.

[*Id*. at 14-15].

The Court of Appeals for the Sixth Circuit has held that a defendant's sentence will not be vacated on the ground that the plea of guilty was coerced where the defendant was "carefully interrogated by the trial judge with respect to the offenses committed," where the defendant was represented by "competent counsel," and where the defendant "discussed the offenses freely and voluntarily and freely admitted guilt, while fully aware of [his] rights." *United States v. Parker*, 292 F.2d 2,3 (6th Cir. 1961). It is well-settled that where a court scrupulously follows the requirements of Fed. R. Crim. P. 11, "'the defendant is bound by his statements in response to that court's inquiry.'" *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) (quoting *Moore v. Estelle*, 526 F.2d 690, 696-97 (5th Cir. 1976)). *See also Warner v. United States*, 975 F.2d 1207 (6th Cir. 1992) (defendant's "decision to lie to the district court cannot amount to prejudice").

Based upon the foregoing, petitioner cannot now allege that her guilty plea was coerced or was otherwise illegal. Neither can she complain that she was induced or coerced into incriminating herself or that she did not understand the proceedings against her. The record reflects that petitioner knowingly and voluntarily signed the plea agreement and pleaded guilty. In addition, by signing the Sentencing Agreement, petitioner reaffirmed her guilty plea.

To the extent petitioner is alleging she received ineffective assistance of counsel, there is nothing in the record to support such a claim. In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that her attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), petitioner must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88.

Petitioner's first attorney advised her plead guilty, which she did knowingly and voluntarily. Her second attorney advised her not to withdraw her guilty plea and she took that advice. As a result of her plea agreement and her attorney's representation, petitioner received a sentence well below what her guideline sentencing range would have been had she gone to trial and below the minimum mandatory sentence to which she was subject. Petitioner has failed to demonstrate ineffective assistance of counsel under the *Strickland v. Washington* standard.

Petitioner's § 2255 motion as well as her motions to re-open the case, to dismiss the case, and for judgment on the pleadings will be **DENIED**. In her motion to amend the § 2255 motion, petitioner complains of prison conditions and the treatment she has received in prison from staff. [Court File No. 631, Motion to Amend]. Such complaints are not cognizable in a § 2255 proceeding and her motion to amend will be **DENIED**.

Petitioner moves the court, pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure, to return property seized from her. [Court File No. 576, Motion to Return Property]. Rule 41 allows a person to move for the return of property that was seized unlawfully. There is nothing in the record to suggest that property was unlawfully seized from petitioner. The motion will be **DENIED**.

In her motion for additional relief, petitioner seeks monetary damages for lost time and impaired earning capacity should she prevail on her § 2255 motion to vacate her sentence. [Court file No. 605, Motion for Additional Relief]. Petitioner is not entitled to relief under § 2255 and her motion for additional relief will be **DENIED**.

Petitioner moves for default judgment and claims that the government did not timely respond to the § 2255 motion. [Court File No. 615, Motion for Default Judgment]. This motion lacks merit and will be **DENIED**.

IV.     Conclusion

Petitioner is not entitled to relief under § 2255 and her motion to vacate, set aside or correct sentence will be **DENIED**.  All other pending motions will be **DENIED**.  This action will be **DISMISSED**.  In addition to the above, this court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous.  Therefore, this court will **DENY** petitioner leave to proceed in forma pauperis on appeal.  *See* Rule 24 of the Federal Rules of Appellate Procedure.  Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**.  28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

    s/ Thomas W. Phillips
United States District Judge